## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **ORDER** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Ahmed Khalid Muhammad-Johnson, | ) | Case No. 1:23-cr-102 |
| | ) | |
| Defendant. | ) | |

The court has issued a Stipulated Discovery Order and Protective Order memorializing the Parties' agreement regarding discovery.  (Doc. No. 121).  Paragraph 5 of  this order prohibits Defendant and any third party from possessing certain discovery.  (Id.).  Specifically, it provides:

> 5.  Grand jury testimony (other than that of the Defendant), Jencks Act statements, summary reports of witness statements (other than statements of the Defendant) and any audio and video recording of the same, and all other discovery material will remain in the sole custody of the Defendant's attorney or an agent working on behalf of the attorney and shall not be left with the Defendant or any third party unless otherwise provided by court order obtained with a motion with notice to the United States.  The prohibition on leaving materials with the Defendant or third party shall not apply to items discoverable under Fed. R. Crim. P 16 and, to the extent they are intended for use as evidence in case-in-chief at trial, copies of documents, tangible objects, and reports of examinations and tests.  Other than for purposes associated with representation of the Defendant in the criminal case now pending, the defense shall not photocopy or reproduce grand jury transcripts, Jencks Act statements, summary reports of witness interviews (other than statements of the Defendant) and any audio and video recordings of the same or exhibits.  If the attorney for the Defendant is subsequently allowed to withdraw from the case, and a substitute counsel is appointed or retained, upon agreement by the United States Attorney's office, the withdrawing attorney may provide copies of transcriptions, summaries, notes, or dictations of discovery material to the substitute counsel.  The new attorney, however, shall be subject to the terms of this Order.
>
> For defendants who are detained pending trial, the parties may modify this paragraph on a case-by-case basis without leave of the Court.  Any modifications of this paragraph must be in writing and approved by the United States Attorney or his designee.

1

(Id.) (emphasis added).

Defendant is currently in  Marshals Service custody at the Scotts Bluff County Adult Detention Center in Gering, Nebraska.  On November 15, 2023, he filed a "Motion for Use of Computer in Correctional Center to Review Discovery."  (Doc. No. 128).  Citing the voluminous amount of discovery in this case and asserting that he has a right to review all of it, he seeks an order from the court that would modify terms of the Stipulated Discovery Order and Protective Order and allow him access to discovery in a secure electronic format along with computer on which he can review this discovery in his own time.

On November 29, 2023, the United States filed a response in opposition to Defendant's motion.  (Doc. No. 130).  It does not object to allowing Defendant access to materials within the scope of Fed. R. Crim. P. 16.  However, it asserts that allowing Defendant to access discovery in this case outside the presence of defense counsel or defense counsel's agent raises security concerns given the circumstances of this case and Defendant's history.  It further asserts that there are alternatives beyond the provision of a computer that would afford Defendant an opportunity to review discovery.  Should the court be inclined to permit Defendant to obtain and review discovery electronically on a computer, it requests that the court permit it to withdraw from the Stipulated Discovery Order and Protective Order and provide only those materials it is required to disclose under Fed. R. Crim. P. 16.

To facilitate what Defendant has requested, all of the discovery in this case would have to be loaded onto a storage device and provided to the Scotts Bluff County Adult Detention Center, which would be tasked with safeguarding the storage device and with providing Defendant with reasonable access to the storage device along with a computer to which the storage device can be

connected.  If the Scotts Bluff County Adult Detention Center does not have a computer, one would have be provided for Defendant's use.

The court appreciates that the discovery in this case is voluminous.  It also appreciates the logistical issues posed by the geographical distance between Defendant and defense counsel and the resulting demands on defense counsel's time.  Nevertheless, while Defendant generally has a right to review the discovery materials that will be used against him at trial, see United States v. Hung, 667 F.2d 1105, 1108 (4th Cir.1981), these principles do not mandate Defendant's possession of all discovery materials.  See e.g., United States v. Ruth, No. 1:18-CR-00004 EAW, 2020 WL 3063939, at *3 (W.D.N.Y. June 9, 2020) ("[R]easonable restrictions on Defendant's access to the materials in a jail setting are ... appropriate."); United States v. Gerard, No. 3:16-CR-270, 2018 WL 4113351, at *3 (W.D.N.C. Aug. 29, 2018) (denying criminal defendant's motion to retain and review all discovery materials while in jail); Johnson v. United States, No. 2:07-CR-00924-DCN-3, 2014 WL 295157, at *5 (D.S.C. Jan. 27, 2014) (opining that it was not improper to restrain counsel from leaving discovery materials with the petitioner in jail to safeguard the material contained therein); cf. In re Bragg, 2012 WL 566958, at *3 (W.D. Va. Feb. 21, 2012) (noting that standard practice is to restrict discovery materials to the possession of defense counsel); cf. United States v. Youker, No. 2:14-CR-0152-SMJ-1, 2015 WL 13864169, at *2 (E.D. Wash. Apr. 30, 2015) (noting that while a pro se defendant is entitled to review discovery, this does not mean he is entitled to all discovery materials in pretrial detention, especially given that the court appointed the defendant standby counsel). The fact that Defendant cannot personally possess certain discovery does create some inconvenience as defense counsel's office is in Grand Forks, North Dakota.  However, it does not preclude or prevent Defendant from reviewing this material with counsel and/or counsel's

representative or agent.

The court finds that the restriction on who may physically possess certain discovery materials as previously agreed upon by the Parties and as set forth in the Stipulated Discovery Order and Protective Order is reasonable and appropriate under the circumstances. Consequently, Defendant's motion (Doc. No. 128) is **DENIED** insofar as Defendant seeks possession of discovery materials <u>not</u> encompassed by Fed. R. Crim. P. 16.

Defendant's motion (Doc. No. 128) is also **DENIED** as it pertains to his request to electronically access and review discovery generally via computer. The court is aware that, on previous occasions, it has permitted some defendants to review electronic discovery via computers at their pretrial detention facilities. However, it also recognizes that the federal judicial system in general and pretrial detention facilities in particular have greatly improved their video-conference capabilities, giving defendants a means of reviewing discovery virtually with counsel.

The court finds that reviewing materials via video conference with defense counsel is a viable alternative to what Defendant has proposed. Alternatively, arrangements can presumably be made for Defendant to review discovery in the physical presence of defense counsel's representative or agent. Should defense counsel require funds to secure a representative or agent who can sit with Defendant while he reviews discovery he is unable to retain possession of under the terms of the Stipulated Discovery Order and Protective Order, Defendant can file the appropriate motion.

    **IT IS SO ORDERED.**

Dated this 5th day of December, 2023

                                       */s/ Clare R. Hochhalter*
                                       Clare R. Hochhalter, Magistrate Judge
                                       United States District Court